UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-567-H

GARY VEST AND
KAREN VEST                                                                                         PLAINTIFFS

V.

CHRISTOPHER TODD PERKINS,
K & B EQUITY GROUP,
PATTI CLARK AND
CITIZENS UNION BANK OF SHELBYVILLE                                          DEFENDANTS

**MEMORANDUM AND ORDER**

      In this case, Plaintiffs are home owners who make a variety of allegations against their builders, their mortgage brokers and their mortgage lender. They assert numerous state law causes of action for breach of contract, breach of fiduciary duty, fraud and outrage. Moreover, they asserted two federal causes of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Plaintiffs originally filed their action in Jefferson Circuit Court. However, Defendants removed the case to this Court on the basis of federal question jurisdiction. Subsequently, both Plaintiffs and Defendants have filed a number of motions which the Court will now consider in their appropriate order. The Court has discussed the case with counsel during a conference.

      A number of Defendants have moved to dismiss various counts of the complaint. Among other things, Procraft Homes, Inc., Magellan Mortgage Company and Patti Clark have moved to dismiss the two RICO causes of action. As part of their response, Plaintiffs have moved for leave to file an amended complaint which adds additional facts and allegations, but no new

causes of action to the original. A number of difficulties are apparent in Plaintiffs' RICO allegations. The most serious problem is that a plaintiff must allege that several entities controlled or used some type of organization to commit racketeering acts. *Reves v. Ernst & Young*, 507 U.S. 170, 183 (1993). In addition, the criminal enterprise must be distinct from a defendant. *Davis v. Mutual Life Ins. Co. of New York*, 6 F.3d 367, 378 (6th Cir. 1993); *Fleischhauer v. Feltner*, 879 F.2d 1290, 1296 (6th Cir. 1989). Here, Ms. Clark is an employee of the same organization she is alleged to have controlled and with which she has alleged to have created the "enterprise" for purposes of RICO. An employee and her employer corporation cannot together comprise a RICO enterprise. This is only the most serious of several defects which appear on the face of the RICO complaint. However, it alone is sufficient to require dismissal of the RICO claims.

  Rule 15(a), Federal Rules of Civil Procedure, allows the Court discretion to permit leave to amend when "justice so requires." However, a court should deny any proposed amendment where the amended complaint itself could not withstand a Rule 12(b)(6) motion to dismiss. Under such circumstances, the proposed amended complaint would be deemed futile. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *Clark v. Danek Medical, Inc.*, 64 F.Supp.2d 652, 654 (W.D. Ky. 1999). Here, the amended complaint contains no additional facts or allegations which change the previously discussed defects in Plaintiff's RICO allegations. As a consequence of this discussion, the Court should consider dismissal of the RICO causes of action in the original complaint and denial of Plaintiffs' motion for leave to amend the complaint.

  The Court has some discretion whether to retain jurisdiction over the remaining

supplemental state law claims. This case has been on the Court's docket only a short period of time, however. No factual discovery has occurred and the Court has dealt only with preliminary jurisdictional issues, in addition to the pending motions to dismiss. Under these circumstances, because no issues of judicial economy or fairness suggests otherwise and as a matter of comity with state courts, the Court will exercise its discretion to remand the remaining state law claims to state court.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to dismiss Plaintiffs' RICO causes of action are SUSTAINED and the RICO claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiffs' motion for leave to file an amended complaint is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' motion to remand is SUSTAINED and the remaining claims are remanded to Jefferson Circuit Court.

IT IS FURTHER ORDERED that all other pending motions are MOOT.

cc: Counsel of Record